FILED
MAY 26 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ernest L. Dixon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0973 |
| ) | |
| United States Navy Retirement Program, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed for lack of subject matter jurisdiction.

In his very brief *pro se* complaint, the plaintiff, who identifies himself as a retired admiral who served in the United States Navy from 1955 until 1986, appears to seek "retroactive reinstatement" of his "retirement annuity along with my one hundred percent disability." Compl. at 1 (spelling altered). To the extent that plaintiff's complaint presents a claim against the United States founded upon any Act of Congress or any regulation of an executive department, such as the Department of the Navy, that mandates payment to the plaintiff, this court does not have subject matter jurisdiction over the claim. The Tucker Act, 28 U.S.C. § 1491, vests jurisdiction of such claims with the Court of Federal Claims. *See Janaskie v. United States,* 77 Fed. Cl. 654, 657 (2007). To the extent that plaintiff's complaint presents a claim for veteran's disability benefits, such claims must be presented to the Secretary of the Department of Veterans Affairs, whose decision may be appealed first to the Board of Veterans Appeals, then to the Court of

Appeals for Veterans Claims, and thereafter to the Court of Appeals for the Federal Circuit. *Id.* at 657-58 (citing 38 U.S.C. §§ 5101(a); 7104(a);7252(a); 7292(a). Again, this court has no subject matter jurisdiction over such claims.

Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: 7 May 2009

/United States District Judge